

**UNITED STATES DISTRICT COURT**
Northern District of Illinois
219 South Dearborn Street
Chicago, Illinois 60604

Thomas G. Bruton                                                                                          312-435-5670
Clerk

12/12/24

Mariyana T. Spyropoulos, Clerk
Circuit Court of Cook County
Richard J. Daley Center
50 W. Washington Street
Chicago, IL  60602

Re:  In re: Ethylene Oxide Coordinated Pretrial Proceedings
USDC Case Number:  See attachment
Circuit Court Case Number:  See attachment

Dear Clerk:

A certified copy of an order entered on 12/03/202 by the Honorable Jorge L. Alonso, remanding the above-entitled case back to the Circuit Court of Cook County, Illinois is herewith transmitted to you for your files.

Sincerely yours,
Thomas G. Bruton, Clerk

By: /s/ T. Davis
Deputy Clerk

Enclosure(s)

Rev. 10/05/2016

A TRUE COPY-ATTEST
THOMAS G. BRUTON, CLERK
By: s/ TIANA DAVIS
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS
December 12, 2024

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

In re: Ethylene Oxide Coordinated Pretrial Proceedings

Case No. 24 C 7261

Judge Jorge L. Alonso

## Memorandum Opinion and Order

In these coordinated pretrial proceedings, Plaintiffs, along with Defendants Vantage Specialty Chemicals., Inc. ("Vantage") and Medline Industries, LP ("Medline"), seek to remand the cases, which were removed from Illinois state court by Defendants Isomedix Operations, Inc. ("Isomedix"), Cosmed Group, Inc. ("Cosmed"), PPG Industries, Inc. ("PPG"), and BASF Corporation ("BASF"). For the reasons below, the Court remands the cases forthwith. The Court also denies Plaintiffs' motion for leave to file an exhibit under seal (ECF No. 33) and Isomedix and Cosmed's motion to strike (ECF No. 41) as moot.

## Background

Plaintiffs are individuals who have sued one or more Defendants for allegedly polluting the air with ethylene oxide, a carcinogenic gas. For years, these cases were proceeding in Illinois state court along with others. Earlier this year, however, Medline and Vantage—the only defendants who are Illinois citizens for jurisdictional purposes—reached settlement agreements with Plaintiffs.

Medline's "Group Settlement Agreement" with plaintiffs provides that Plaintiffs will receive payments and dismiss their claims against Medline to the extent that Plaintiffs' medical records are timely submitted, medical claims are unchallenged, and each Plaintiff accepts the amount allocated for them. (*See* ECF No. 17-1 ¶¶ 2–7.) The settlement also must be found by a court to have been reached in good faith under the Illinois Joint Tortfeasor Contribution Act, 740

ILCE 100/2(c). (*Id.* ¶ 8.) Further, Medline may walk away from the settlement around January 2025 if certain participation thresholds are not met. (*Id.* ¶ 9.) If so, or to the extent the other prerequisites are not met, the cases will continue against Medline on the merits. (*See id.*)

Plaintiffs have been negotiating and finalizing a similar settlement agreement with Vantage, which likewise would allow each Plaintiff to accept the settlement program or not, will require judicial sign-off, and will give Vantage a walk-away right in early 2025. (*Id.* ¶¶ 12–15.)

During a July 17, 2024 hearing in state court, the presiding judge stated that he believed Medline and Vantage had become nominal defendants given the settlements and invited the other defendants to remove the cases to federal court because, excluding Medline and Vantage, complete diversity existed for jurisdictional purposes. (ECF No. 26-1 at 18:12–24.)

In the weeks that followed, the other defendants removed these cases to this District without Medline or Vantage's consent, and the cases now are being coordinated before this Court for pretrial proceedings.[1] (*See* ECF No. 1.) Plaintiffs, along with Defendants Vantage and Medline and opposed by the other Defendants, have moved to remand these cases to state court. (ECF Nos. 9, 17, 18.) Plaintiffs also move to seal the redacted settlement term sheet between Plaintiffs' counsel and Vantage, which they attach to their reply brief. (ECF No. 33.) Cosmed and Isomedix oppose Plaintiffs' motion to seal and have moved to strike it. (ECF No. 41.) The Court now considers the motions to remand, seal, and strike.[2]

## Legal Standard

Section 1447(c) requires a court to remand a case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). For a case

---

[1] The coordinated cases include related cases in this District that have been subsequently removed, including Nos. 24-cv-11476 and 24-cv-11591. (*See* ECF Nos. 1, 20, 56–57.)
[2] The Court denies Isomedix, Cosmed, and PPG's requests for oral argument. (*See* ECF No. 52.)

2

to be within a federal court's diversity jurisdiction, diversity of citizenship must be complete—meaning that no plaintiff may be a citizen of the same state as any defendant. *McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006) (quoting *Hoosier Energy Rural Elec. Coop. v. Amoco Tax Leasing IV Corp.*, 34 F.3d 1310, 1314–15 (7th Cir. 1994)). "The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009) (citation omitted); *see also Morris v. Nuzzo*, 718 F.3d 660, 670 (7th Cir. 2013). However, nominal parties—those against whom the plaintiff does not seek relief or who lack a reasonable basis for being held liable—are not considered when evaluating diversity jurisdiction. *See Jimenez v. Kiefer*, 100 F.4th 931, 936 (7th Cir. 2024).

## Discussion

The Court considers first the motions to remand, then Plaintiffs' motion to seal and Cosmed and Isomedix's related motion to strike. As an aside, Cosmed has notified the Court that it has filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the Southern District of Texas. (ECF No. 58.) Though that triggers an automatic stay of proceedings, it does not prevent the Court from resolving the pending motions. *See County of Cook v. Mellon Stuart Co.*, 812 F. Supp. 793, 798 n.3 (N.D. Ill. 1992) ("The subsequent bankruptcy filing and resulting stay . . . do not prevent this court from remanding an improperly removed action.").

1. **Motions to Remand**

As explained below, the Court concludes that all cases must be remanded, jurisdictional discovery is unwarranted, and fees and costs against Isomedix and Cosmed should not be imposed.

3

### A. Remand generally

The removing defendants argue that removal was justified, and remand is inappropriate, because given Medline's and Vantage's settlements with the settling Plaintiffs, those defendants are effectively out of these cases and thus should be ignored for jurisdictional purposes. They claim that Medline and Vantage have substantively withdrawn from the litigations following the settlements and have not consistently attended or participated in discovery and other proceedings. They also emphasize the state court's description of Medline and Vantage as "nominal defendants only and in name only."

The Court disagrees with the removing defendants. To begin with, the state court's statements that Medline and Vantage are nominal parties in its view does not settle the issue—this Court must consider and resolve the issue itself. *See GE Betz, Inc. v. Zee Co.*, 718 F.3d 615, 631 (7th Cir. 2013) ("[T]he label assigned by state law to a party is not dispositive as to whether that party is a defendant for the purposes of 28 U.S.C. § 1441."). Because Medline and Vantage remain defendants in these cases, the settlements are not and ultimately might not become finalized, the Court concludes that it lacks jurisdiction over these cases and remand is necessary.

Though it is possible, perhaps even highly probable, that Medline and Vantage's settlements ultimately will become final and they will be fully released from most if not all settling Plaintiffs' claims, there is still a reasonable basis for the settlements not to become final and for them to be liable to one or more settling Plaintiffs. For example, certain plaintiffs might not consent to settlement and continue pursuing litigation, Medline or Vantage might exercise a right to walk away from the settlement agreements before they are finalized, or a court might not accept the settlements. Thus, there are still reasonable avenues for each Medline and Vantage to be liable in these cases. And though Medline and Vantage do not appear to be a constant presence

4

in the merits litigation for these cases in state court following the settlement agreements, they have continued to participate in some capacity and shown that they have a stake in the litigation until their settlements are finalized.

Though outcomes have differed in other jurisdictions and the Seventh Circuit has not settled the issue, other judges in this District have agreed that parties are not considered nominal when their settlements are merely pending and they have not yet been dismissed from the case. *See Longobardi v. Honeywell Int'l Inc.*, No. 20 C 4367, 2020 WL 6581654, at *1–2 (N.D. Ill. Nov. 10, 2020) (remanding case where a defendant was merely "*almost* out of the case" and had not been dismissed from the suit, and reiterating prior remand where "the state court had not yet approved the settlement and therefore [a party] remained a defendant"); *Evers v. CEC Entm't*, No. 10 C 6078, 2011 WL 995697, at *1–2 (N.D. Ill. Mar. 18, 2011) (remanding case where a settlement that purportedly rendered a party nominal was not yet accepted by a court, and collecting cases from outside this District). Here too, Medline and Vantage's settlements have not been finalized and there are reasonable ways in which the settlements might yet be undone and some or all of these cases will continue against them on the merits—certain plaintiffs might not consent to the settlements, Medline or Vantage might walk away from the settlement under certain conditions beginning next month, and a court might not approve the settlements. *Cf. Jimenez*, 100 F.4th at 936 (finding a defendant to be nominal because plaintiffs "agreed that they would not seek to enforce the judgment against [him] so long as he cooperated with their suit, they sought no relief from him and there was no reasonable basis to predict that he would be held liable"). Therefore, neither Medline nor Vantage is a nominal defendant.

5

Because Medline and Vantage are not nominal defendants, their Illinois citizenship and lack of consent is considered for jurisdictional purposes and subject-matter jurisdiction thus does not exist under 28 U.S.C. § 1332. The Court therefore must remand these cases.[3]

### B. *Bury*, *Holland*, and *Koklamanis* cases

PPG argues that three cases additionally lack diversity because they lack a plaintiff who is a citizen of Illinois and because Medline and Vantage, who are Illinois citizens, were not served prior to removal so the forum-defendant rule does not apply: *Bury v. BASF Corp.*, No. 24-cv-6243 (N.D. Ill), *Holland v. BASF Corp.*, No. 24-cv-6295, and *Koklamanis v. BASF Corp.*, No. 24-cv-6303. *See* 28 U.S.C. § 1441 (b)(2). But as Plaintiffs point out, Medline did accept service of the complaints in those three cases in June 2024, before they were removed to federal court. The removals thus were improper, and remand is appropriate. *See id.* (removal is improper "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought").

### C. *Koch* case

One other case warrants additional discussion: *Koch v. BASF Corporation*, No. 24-cv-6249 (N.D. Ill.). PPG argues that *Koch* should not be remanded because Plaintiff Koch admittedly and uniquely settled her claims against Vantage, and Medline was not a party to the case at the time of removal. But as Plaintiffs point out in their reply, the operative complaint in *Koch* also includes two individual defendants—Mac Penman and David L. Van Lewen—who are Illinois defendants and thus destroy complete diversity on their own. (*See* ECF No. 1, No. 1:24-cv-6249 (N.D. Ill.).) Though PPG's notice of removal claims that these two plaintiffs were

---

[3] Because the Court finds that remand is appropriate on these grounds, it does not reach the parties' additional arguments, including whether the removals were timely.

6

fraudulently joined, PPG has not developed its argument and has not carried its burden of proving fraudulent joinder and establishing subject-matter jurisdiction. *See Schur*, 577 F.3d at 764 ("Fraudulent joinder is difficult to establish . . . . A defendant faces a heavy burden[.]"). And though Plaintiffs raised their argument regarding Penman and Van Lewen in their reply, the argument is not waived since it addresses the Court's subject-matter jurisdiction. *See Garcia v. Dep't of Homeland Sec.*, No. 19-CV-1265, 2019 WL 7290556, at *3 (N.D. Ill. Dec. 30, 2019) ("Although arguments raised for the first time in a reply brief are typically waived, a challenge to subject matter jurisdiction may be raised at any time" (cleaned up)). The Court therefore remands the *Koch* case along with the others.

### D. Jurisdictional discovery

Isomedix, Cosmed, and PPG ask the Court to permit jurisdictional discovery before remanding the case—in particular, they want to review Medline and Vantage settlement documents. The Court has discretion to permit jurisdictional discovery. *See Indag GmbH & Co. v. IMA S.P.A.*, 150 F. Supp. 3d 946, 971 (N.D. Ill. 2015). However, jurisdictional discovery is unwarranted here because the parties do not meaningfully dispute what is in the settlement documents the removing defendants seek to discover. They do not contest the moving parties' descriptions of the Medline and Vantage settlements, and the relevant record is unambiguous that those settlements remain pending and are not a practical certainty as explained above. Allowing jurisdictional discovery as requested thus would do little beyond unnecessarily delaying remand. *Cf. WorkForce Software, LLC v. Workforce.com, Inc.*, No. 20 C 7365, 2021 WL 4963608, at *6 (N.D. Ill. Oct. 26, 2021) ("Jurisdictional discovery is appropriate where the factual record is ambiguous or unclear on the issue.").

7

### E. Plaintiffs' request for fees and costs against Isomedix and Cosmed[4]

Though the Court disagrees with the removing Defendants and remands these coordinated proceedings, it does not find that their actions warrant an award for fees and costs as Plaintiffs request. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). An award for fees and costs is warranted "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Remand was not a foregone conclusion, and even if the removing Defendants were unlikely to succeed in keeping these cases in federal court, they had colorable arguments to support removing these cases, especially following the state court's belief that Medline and Vantage were nominal defendants and its invitation to remove the cases. *See Evers*, 2011 WL 995697, at *3 (denying fee request). The Court therefore denies Plaintiffs' request for fees and costs against Isomedix and Cosmed.

## 2. Motion to seal and motion to strike

Plaintiffs attach a redacted version of the Vantage settlement term sheet to their reply brief as an exhibit and ask for leave to file that redacted agreement under seal. Isomedix and Cosmed oppose this and move to strike the exhibit.

The Court will strike the exhibit without prejudice, and the dispute is effectively moot. Plaintiffs have not adequately explained why their exhibit is already so heavily redacted and the remainder must be sealed—for example, it redacts or seeks to seal several terms that presumably were already publicly disclosed during the parties' briefing. The Court is wary of allowing Plaintiffs to submit such a heavily redacted exhibit and seal what remains without more

---

[4] Plaintiffs have withdrawn their request for fees and costs against PPG.

8

explanation. But at any rate, the Court has not relied on the unredacted provisions in the exhibit in reaching its remand decision. Relevant terms of Vantage's settlement with Plaintiffs were sufficiently, and uncontestedly, described in the other submitted materials and are enough for the Court to conclude that the Vantage settlement is not adequately finalized and subject-matter jurisdiction is lacking without needing to reference the term sheet or related arguments raised in Plaintiffs' reply. (*See* ECF No. 17-1 ¶¶ 11–15.) The Court therefore strikes Plaintiffs' exhibit (ECF No. 32) without prejudice and denies Plaintiffs' motion to seal (ECF No. 33) and Isomedix and Cosmed's motion to strike (ECF No. 41) as moot.

## Conclusion

The Court grants in part and denies in part the motions to remand (ECF Nos. 9, 17, 18). These coordinated cases shall be remanded forthwith to the Circuit Court of Cook County. The Court denies Isomedix and Cosmed's motion to strike (ECF No. 41) and Plaintiffs' motion for leave to file document under seal (ECF No. 33) as moot. The other pending pretrial motions are denied as moot.[5]

**SO ORDERED.**　　　　　　　　　　　　　　　　　　**ENTERED: December 3, 2024**

_____
**HON. JORGE ALONSO**
**United States District Judge**

---

[5] *E.g.*, ECF Nos. 45–47, No. 1:24-cv-3411 (N.D. Ill.); ECF No. 7, No. 1:24-cv-6315 (N.D. Ill.); ECF No. 8, No. 1:24-cv-6446 (N.D. Ill.).

9

| USDC Case No | State Court Case No | USDC Case No | State Court Case No |
|---|---|---|---|
| 1:24-cv-06393 | 2023L009950 | 1:24-cv-06337 | 2024L000255 |
| 1:24-cv-06236 | 2022L008599 | 1:24-cv-06252 | 2022L008676 |
| 1:24-cv-06244 | 2022L008644 | 1:24-cv-06399 | 2023l009587 |
| 1:24-cv-06245 | 2022L008669 | 1:24-cv-06338 | 2023L012977 |
| 1:24-cv-06247 | 2022L008677 | 1:24-cv-06255 | 2024L004991 |
| 1:24-cv-06249 | 2023L00686 | 1:24-cv-06257 | 2022L008670 |
| 1:24-cv-06260 | 2024L004721 | 1:24-cv-06400 | 2023L009496 |
| 1:24-cv-06262 | 2024L004715 | 1:24-cv-06340 | 2023L010826 |
| 1:24-cv-06303 | 2024L005130 | 1:24-cv-06261 | 2024L004861 |
| 1:24-cv-06305 | 2022L008595 | 1:24-cv-06343 | 2023L010069 |
| 1:24-cv-06312 | 2024L005092 | 1:24-cv-06401 | 2023L009498 |
| 1:24-cv-06315 | 2024L001467 | 1:24-cv-06344 | 2023L010160 |
| 1:24-cv-06316 | 2022L008658 | 1:24-cv-06264 | 2024L008656 |
| 1:24-cv-06319 | 2023 L 009566 | 1:24-cv-06402 | 2024L001723 |
| 1:24-cv-06323 | 2024 L 000256 | 1:24-cv-06345 | 2023L009752 |
| 1:24-cv-06325 | 2023L010144 | 1:24-cv-06266 | 2022L008634 |
| 1:24-cv-06327 | 2023L009569 | 1:24-cv-06346 | 2023L012177 |
| 1:24-cv-06332 | 2023L010354 | 1:24-cv-06403 | 2024L002511 |
| 1:24-cv-06339 | 2023L012614 | 1:24-cv-06267 | 2024L005093 |
| 1:24-cv-06341 | 2023 L 012178 | 1:24-cv-06349 | 2023-L-009583 |
| 1:24-cv-06342 | 2024L001175 | 1:24-cv-06404 | 2023-L-009456 |
| 1:24-cv-06347 | 2023 L 012768 | 1:24-cv-06269 | 2022L008580 |
| 1:24-cv-06348 | 2023L009759 | 1:24-cv-06350 | 2023L009453 |
| 1:24-cv-06362 | 2023-L-009495 | 1:24-cv-06270 | 2022L008643 |
| 1:24-cv-06398 | 2024L002454 | 1:24-cv-06405 | 2023L012290 |
| 1:24-cv-06458 | 2023L009572 | 1:24-cv-06351 | 2024L002015 |
| 1:24-cv-06254 | 2022L008651 | 1:24-cv-06271 | 2022L008583 |
| 1:24-cv-06298 | 2022L008647 | 1:24-cv-06352 | 2024 L 002232 |
| 1:24-cv-06317 | 2024L004997 | 1:24-cv-06406 | 2023-L-012048 |
| 1:24-cv-03411 | 2023-L-009581 | 1:24-cv-06274 | 2022L008587 |
| 1:24-cv-06233 | 2023L009584 | 1:24-cv-06353 | 2023-L-007590 |
| 1:24-cv-06331 | 2023L009647 | 1:24-cv-06276 | 2022L008581 |
| 1:24-cv-06237 | 2022L008649 | 1:24-cv-06407 | 2023L009699 |
| 1:24-cv-06396 | 2023l009463 | 1:24-cv-06354 | 2023L009469 |
| 1:24-cv-06333 | 2024 L 001461 | 1:24-cv-06416 | 2023 L 009658 |
| 1:24-cv-06239 | 2022 L 008415 | 1:24-cv-06279 | 2022 L 008717 |
| 1:24-cv-06397 | 2023L009561 | 1:24-cv-06356 | 2023-L-012288 |
| 1:24-cv-06243 | 2024L004995 | 1:24-cv-06280 | 2022L008609 |
| 1:24-cv-06334 | 2023L012039 | 1:24-cv-06417 | 2023L011677 |
| 1:24-cv-06248 | 2024-L-005112 | 1:24-cv-06357 | 2023-L-009482 |
| 1:24-cv-06398 | 2024L002454 | 1:24-cv-06283 | 2022L006655 |
| 1:24-cv-06335 | 2024-L-001174 | 1:24-cv-06358 | 2024-L-000708 |
| 1:24-cv-06251 | 2024L005186 | 1:24-cv-06418 | 2023 L 009949 |

| USDC Case No | State Court Case No | USDC Case No | State Court Case No |
|---|---|---|---|
| 1:24-cv-06287 | 2024L005095 | 1:24-cv-06374 | 2023-L-010147 |
| 1:24-cv-06359 | 2023-L-009577 | 1:24-cv-06450 | 2023-L-009485 |
| 1:24-cv-06292 | 2024L005055 | 1:24-cv-06320 | 2023L010328 |
| 1:24-cv-06360 | 2023-L-009493 | 1:24-cv-06375 | 2023L009586 |
| 1:24-cv-06420 | 2023L009475 | 1:24-cv-06321 | 2023L009592 |
| 1:24-cv-06361 | 2023-L-009694 | 1:24-cv-06451 | 2023L009757 |
| 1:24-cv-06294 | 2024L004924 | 1:24-cv-06376 | 2023L010834 |
| 1:24-cv-06424 | 2023-L- 009580 | 1:24-cv-06322 | 2023L009479 |
| 1:24-cv-06363 | 2023-L-012287 | 1:24-cv-06453 | 2023L008150 |
| 1:24-cv-06295 | 2024L005187 | 1:24-cv-06377 | 2023L009487 |
| 1:24-cv-06425 | 2023L010093 | 1:24-cv-06454 | 2023-L-009486 |
| 1:24-cv-06364 | 2023-L-009491 | 1:24-cv-06328 | 2024 L 001525 |
| 1:24-cv-06430 | 2023L009483 | 1:24-cv-06378 | 2023L010838 |
| 1:24-cv-06365 | 2023L009454 | 1:24-cv-06455 | 2023L010355 |
| 1:24-cv-06431 | 2023L009582 | 1:24-cv-06379 | 2023L010838 |
| 1:24-cv-06297 | 2024L001586 | 1:24-cv-06457 | 2023-L-011678 |
| 1:24-cv-06366 | 2023-L-009488 | 1:24-cv-06329 | 2023 L 010356 |
| 1:24-cv-06437 | 2023L009503 | 1:24-cv-06458 | 2023L009572 |
| 1:24-cv-06302 | 2023L012285 | 1:24-cv-06381 | 2023L009561 |
| 1:24-cv-06231 | 2022L008661 | 1:24-cv-06330 | 2023L012051 |
| 1:24-cv-06442 | 2023L009563 | 1:24-cv-06382 | 2023L009565 |
| 1:24-cv-06235 | 2022L008307 | 1:24-cv-06459 | 2023-L-009575 |
| 1:24-cv-06367 | 2023-L-009590 | 1:24-cv-06383 | 2023L009496 |
| 1:24-cv-06304 | 2022L008572 | 1:24-cv-06460 | 2023L012507 |
| 1:24-cv-06443 | 2024-L-001526 | 1:24-cv-06384 | 2024L002653 |
| 1:24-cv-06368 | 2023L009455 | 1:24-cv-06492 | 2023-L-009573 |
| 1:24-cv-06306 | 2024L004999 | 1:24-cv-06461 | 2023-L-009702 |
| 1:24-cv-06307 | 2024L005106 | 1:24-cv-06385 | 2023L012978 |
| 1:24-cv-06369 | 2023-L-009462 | 1:24-cv-06386 | 2023L012124 |
| 1:24-cv-06444 | 2024L000087 | 1:24-cv-06494 | 2023-L- 012053 |
| 1:24-cv-06308 | 2024L005053 | 1:24-cv-06462 | 2023L010828 |
| 1:24-cv-06445 | 2023L009508 | 1:24-cv-06497 | 2024L001226 |
| 1:24-cv-06370 | 2023L009562 | 1:24-cv-06463 | 2023-L-010452 |
| 1:24-cv-06309 | 2024L004993 | 1:24-cv-06387 | 2023L009641 |
| 1:24-cv-06446 | 2024-L-001172 | 1:24-cv-06499 | 2024-L- 001578 |
| 1:24-cv-06371 | 2023-L-012501 | 1:24-cv-06388 | 2023L012821 |
| 1:24-cv-06310 | 2024L004841 | 1:24-cv-06464 | 2023L009653 |
| 1:24-cv-06311 | 2024L004925) | 1:24-cv-06503 | 2023-L- 010833 |
| 1:24-cv-06447 | 2023L009464 | 1:24-cv-06389 | 2023L010834 |
| 1:24-cv-06372 | 2023-L-009564 | 1:24-cv-06509 | 2023-L- 009755 |
| 1:24-cv-06314 | 2022L008623 | 1:24-cv-06465 | 2023-L-009753 |
| 1:24-cv-06373 | 2023-L-009848 | 1:24-cv-06391 | 2023L009571 |
| 1:24-cv-06449 | 2023L009511 | 1:24-cv-06511 | 2023-L- 009478 |

| USDC Case No | State Court Case No | USDC Case No | State Court Case No |
|---|---|---|---|

| USDC Case No | State Court Case No |
|---|---|
| 1:24-cv-06318 | 2022L004891 |
| 1:24-cv-06466 | 2023L009509 |
| 1:24-cv-06392 | 2023L009487 |
| 1:24-cv-06516 | 2023-L- 009574 |
| 1:24-cv-06394 | 2023L009974 |
| 1:24-cv-06467 | 2023-L-009590 |
| 1:24-cv-06517 | 2023-L-008151 |
| 1:24-cv-06395 | 2023L010838 |
| 1:24-cv-06468 | 2024-L-002079 |
| 1:24-cv-06520 | 2024L004927 |
| 1:24-cv-06524 | 2023L010003 |
| 1:24-cv-06469 | 2024L001422 |
| 1:24-cv-06525 | 2024-L-002444 |
| 1:24-cv-06470 | 2024L001529 |
| 1:24-cv-06528 | 2023-L- 010827 |
| 1:24-cv-06471 | 2023L009504 |
| 1:24-cv-06529 | 2023L012291 |
| 1:24-cv-06475 | 2023L009952 |
| 1:24-cv-06476 | 2023-L-012767 |
| 1:24-cv-06532 | 2023-L-009579 |
| 1:24-cv-06477 | 2023-L-009754 |
| 1:24-cv-06535 | 2023-L- 010146 |
| 1:24-cv-06483 | 2023L009500 |
| 1:24-cv-06547 | 2023-L-009570 |
| 1:24-cv-06484 | 2023L009499 |
| 1:24-cv-06548 | 2023-L-012971 |
| 1:24-cv-06488 | 2023L009494 |
| 1:24-cv-06551 | 2023-L-009468 |
| 1:24-cv-06570 | 2023L012824 |
| 1:24-cv-06571 | 2024L001277 |
| 1:24-cv-06572 | 2024L001495 |
| 1:24-cv-06552 | 2023-L-009560 |
| 1:24-cv-06617 | 2023L009649 |
| 1:24-cv-06553 | 2024-L-001228 |
| 1:24-cv-06619 | 2023L009489 |
| 1:24-cv-06554 | 2023-L-009648 |
| 1:24-cv-06555 | 2024-L-002455 |
| 1:24-cv-06557 | 2023-L-010094 |
| 1:24-cv-06558 | 2023-L-009559 |
| 1:24-cv-06561 | 2024-L-001577 |
| 1:24-cv-06568 | 2023-L-009474 |